United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| DIANE MAMMOLA, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 14-cv-11376-NMG |
| KATHLEEN P. DWYER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

GORTON, J.

This is the second suit brought by plaintiffs Diane Mammola and Michela Mammola ("the Mammolas" or "plaintiffs"), the daughter and step-daughter of Seta Mammola ("Debtor"), against Kathleen P. Dwyer ("Dwyer"), the duly appointed trustee of Debtor's estate, and her law firm, MacLean Holloway Doherty Ardiff & Morse, P.C. (collectively, "defendants"). Plaintiffs raise a number of claims, including breach of fiduciary duty, breach of contract and misconduct and self-dealing, all alleging violations of Massachusetts state law.

Pending before the Court is defendants' motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction and insufficient service of process. For the following reasons, the Court will allow defendants' motion on jurisdictional grounds.

- 1 -

I.  **Background and Procedural History**

In 2010, Debtor filed for protection under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts ("the bankruptcy court"). The bankruptcy court appointed Dwyer trustee of the Debtor's estate. The matter was later converted to a Chapter 7 proceeding and Dwyer was named Chapter 7 trustee.

Plaintiffs claim interests as beneficiaries of three commercial trust properties included in Debtor's bankruptcy estate. They allege that defendants' conduct during Debtor's bankruptcy proceedings destroyed the family real estate business and forced plaintiffs to sell their family residence.

This Court has already addressed a nearly identical case filed by the Mammolas. In Mammola v. Dwyer, 497 B.R. 1 (D. Mass. 2013) ("Mammola I"), plaintiffs raised virtually the same claims, but this Court dismissed the suit for lack of subject matter jurisdiction. Id. at 2-3. Specifically, the Court found that plaintiffs had violated the Barton doctrine, which requires parties to obtain leave of the appointing court in order to sue a court-appointed trustee in a different court. Id. at 2-3 (citing Barton v. Barbour, 104 U.S. 126, 127 (1881)). Because plaintiffs had not sought leave of the bankruptcy court, this Court found it lacked jurisdiction over their suit.

This Court also found that the narrow exception to the Barton doctrine set forth at 28 U.S.C. § 959(a) did not apply. Id. at 3. That exception provides that a plaintiff may sue a court-appointed trustee without leave of the appointing court if the action relates to "any of their acts or transactions in carrying on business connected with such property." 28 U.S.C. § 959(a). That exception applies, however, only to tortious acts committed in furtherance of the debtor's business and not to misconduct in liquidating assets and administering the estate's property. See Muratore v. Darr, 375 F.3d 140, 143-44 (1st Cir. 2004). Because plaintiffs' allegations addressed Dwyer's disposition of Debtor's estate, the Court found the exception did not apply.

Following this Court's dismissal of their first suit, Plaintiffs sought leave from the bankruptcy court to sue defendants. The bankruptcy court denied plaintiffs' motion in March, 2014. The plaintiffs did not appeal the bankruptcy court's order within the 14-day appeal period set forth in Fed. R. Bankr. P. 8002. Instead, one day after the appeal period expired, plaintiffs filed a new complaint in this Court.

## II. Analysis

### A. Legal Standard

In considering a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the

plaintiff bears the burden of establishing that the court has jurisdiction. Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007). The Court must credit the plaintiff's "well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010).

**B. Application**

As set forth above, a suit against a bankruptcy trustee in a court other than the appointing court is barred unless plaintiff first obtains leave of the appointing court. Barton, 104 U.S. at 128; Muratore, 375 F.3d at 143. The Barton doctrine also extends to trustee's counsel when counsel acts "at the direction of the trustee and for the purpose of administering the estate or protecting its assets." Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1241 (6th Cir. 1993); see also Hutchins v. Shatz, Schwartz & Fentin, P.C., 494 B.R. 108, 116 (D. Mass. 2013) (same).

In their complaint, plaintiffs mischaracterize the law, noting that "[u]pon receiving the order from the Bankruptcy Court [denying plaintiffs' motion for leave] this case can now be filed." It is insufficient, however, merely to move for leave to sue. Instead, the appointing court must actually grant plaintiffs' motion before another court may have jurisdiction over their suit. See Barton, 104 U.S. at 127. Because the

bankruptcy court denied plaintiffs' motion and plaintiffs did not appeal that order within the 14-day appeal period, the denial became final on April 3, 2014. The plaintiffs, therefore, are without leave to sue defendants and this court lacks jurisdiction over their suit. See id.

Finally, as this Court explained in Mammola I, the § 959 exception does not apply to plaintiffs' claims. 497 B.R. at 3. The exception applies only to tortious acts committed in furtherance of the debtor's business, and not, as the plaintiffs allege here, to any alleged misconduct in liquidating assets and administering property of the estate. See Muratore, 375 F.3d at 143-44.

## ORDER

For the foregoing reasons, defendants' motion to dismiss (Docket No. 7) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 31, 2014